**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>RBS FINANCIAL PRODUCTS INC. (F/K/A GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.); RBS ACCEPTANCE INC. (F/K/A GREENWICH CAPITAL ACCEPTANCE, INC.); FINANCIAL ASSET SECURITIES CORP.; RBS SECURITIES INC. (F/K/A GREENWICH CAPITAL MARKETS, INC.); JOSEPH N. WALSH III; ROBERT J. MCGINNIS; CAROL P. MATHIS; JOHN C. ANDERSON; and JAMES M. ESPOSITO,<br><br>        Defendants. | Civil Action No. 3:11-cv-30044-MAP<br><br>Oral Argument Requested |

**MASSMUTUAL'S OPPOSITION TO
<u>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE</u>**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") respectfully submits this brief opposition to Defendants' request for judicial notice, which asks the Court to take judicial notice of 12 documents not referenced in the Complaint.

**ARGUMENT**

In support of their Motions to Dismiss, Defendants request that the Court take judicial notice of 12 documents, purportedly published between 2000 and 2006, that are not mentioned in MassMutual's Complaint. Jt. Br. at 9 n.15. Defendants ask the Court to take judicial notice of these documents not for their mere existence (which is irrelevant), but for the unsupported "fact" that they were available to MassMutual and other public investors, along with the asserted legal implications of their availability. Specifically, Defendants seek to show that (i) MassMutual purportedly "knew or should have known the facts giving rise to its claims for purposes of the relevant statute of limitations"; (ii) "Defendants had no duty to disclose information already available to the public"; and (iii) "the total mix of information in the market rendered any misstatements or omissions immaterial." *Id.* But the documents include (i) an industry-specific petition directed to the Appraisal Subcommittee of the Federal Financial Institutions Examination Council (*not* to Congress, as Defendants misstate), Turner Decl. Ex. 11; (ii) a private research survey that was available only for purchase and *not* publicly available, *id.* Ex. 12; and (iii) another report distributed only to members of the Mortgage Bankers Association. *Id.* Ex. 23.

The 12 documents cannot properly be considered in support of the Motions to Dismiss – and certainly not for the reasons advanced by Defendants. In determining a motion to dismiss, courts in the First Circuit may not ordinarily consider documents outside the complaint or not expressly incorporated therein, unless they fall within "a *narrow exception* 'for documents the

1

authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (emphasis added) (taking judicial notice of a settlement agreement referred to numerous times in a complaint); *see also Pease v. Burns*, 719 F. Supp. 2d 143, 146 n.1 (D. Mass. 2010) (case cited by Defendants reciting the same rule). Defendants do not even attempt to show that the documents, let alone each document, can satisfy this narrow exception. *See* Jt. Br. at 9 n.15. MassMutual is not in a position to agree to the authenticity of documents such as the private studies and the appraisal petition, and these documents are plainly not "official public records."

More importantly, the documents cannot be judicially noticed for the fact that MassMutual knew or should have known of them or to eliminate Defendants' duty to disclose or materiality. In particular:

- Defendants do not and cannot show at the pleading stage that MassMutual had actual knowledge of any of these documents. In addition, because there are questions of fact regarding how widely publicized the majority of the documents were, Defendants do not and cannot show at the pleading stage that MassMutual should have known about the documents. *See In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 206-07 (D. Mass. 2004) (whether publicity was sufficient to put plaintiffs on inquiry notice was a question for the finder of fact). For example, Defendants do not show that the appraisal petition, Turner Decl. Ex. 11, the FBI reports, *id.* Exs. 15, 17, and the articles in industry-specific journals, *id.* Exs. 13, 18, were widely

publicized such that MassMutual should have been aware of them.  Indeed, documents such as the private studies and reports were not publicly distributed at all.  *See id.* Exs. 12, 19.[1]

- The Court obviously cannot take judicial notice of any proffered document to establish a legal proposition regarding Defendants' duty to disclose or the materiality of Defendants' misrepresentations.  *See KVS Info. Sys., Inc. v. Town of Tisbury*, 753 F. Supp. 1020, 1024-25 (D. Mass. 1990) (refusing to take judicial notice of a town's charter provisions to show compliance therewith because "[t]he Court should not decide important questions of municipal law upon indefinite allegations and legal conclusions").  This is particularly true here, because a showing that Defendants had a "duty to disclose" is not an element of MassMutual's claims.  *See Marram v. Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 51, 809 N.E.2d 1017, 1026 (2004) (setting forth the elements of a claim under Massachusetts Uniform Securities Act Section 410(a)).  In addition, materiality should not be decided on a motion to dismiss because it is an "inherently fact-specific finding."  *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988).  Because Defendants' judicial notice request is both unsupported and legally irrelevant, it should be denied.

---

[1] Even if Defendants could show that some of the documents they submit were widely publicized such that MassMutual should have been aware of them, Defendants still cannot show that the documents should have made MassMutual aware of its specific claims against these Defendants regarding these securitizations, as is required to start any running of the statute of limitations.  *See* Corp. Opp. Br. at 36-39; *Young v. Lepone*, 305 F.3d 1, 9-10 (1st Cir. 2002) (even with inquiry notice, statute of limitations does not begin to run until a plaintiff should have discovered its particular claims).

                                  Respectfully submitted,

DATED:  June 28, 2011        EGAN, FLANAGAN AND COHEN, P.C.

                                  */s/ Edward J. McDonough Jr.*
                                  _____
                                  Edward J. McDonough Jr. (BBO 331590)
                                  Stephen E. Spelman (BBO 632089)
                                  67 Market Street - P.O. Box 9035
                                  Springfield, MA 01102-9035
                                  Telephone:  (413) 737-0260;
                                  Fax:  (413) 737-0121
                                  ejm@efclaw.com; ses@efclaw.com

                                  MASSACHUSETTS MUTUAL LIFE
                                  INSURANCE COMPANY

                                      Mark Roellig (BBO 669117)
                                      Executive Vice President and General Counsel
                                      Bernadette Harrigan (BBO 635103)
                                      Eleanor P. Williams (BBO 667201)
                                      Assistant Vice President & Counsel
                                      1295 State Street
                                      Springfield, Massachusetts  01111
                                      Telephone:  (413) 788-8411
                                      Fax:  (413) 226-4268
                                      bharrigan@massmutual.com
                                      ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Philippe Z. Selendy (*pro hac* admission pending)
Jennifer J. Barrett (*pro hac* admission pending)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (*pro hac* admission pending)
Harry A. Olivar, Jr. (*pro hac* admission pending)
Molly Stephens (*pro hac* admission pending)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 28th day of June, 2011.

                                      */s/ Edward J. McDonough Jr.*
                                      _____
                                      Edward J. McDonough Jr.